UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

WHERE THE HEART IS LLC,

                Plaintiff,

v.

WELLS FARGO BANK, N.A.,

                Defendant.

**MEMORANDUM AND ORDER**

21-CV-6099 (LDH)(TAM)

---

LaSHANN DeARCY HALL, United States District Judge:

Where the Heart is LLC ("Plaintiff" or "WTHI") brings the instant action against Wells Fargo Bank, N.A. ("Defendant" or "Wells Fargo"), asserting claims for quiet title pursuant to Real Property Actions and Proceedings Law ("RPAPL"), §§ 1501(4) and 1501(1), and seeking a declaratory judgment pursuant to 28 U.S.C. § 2201. Defendant moves, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss the complaint in its entirety.

## BACKGROUND[1]

Plaintiff is a New York-based domestic limited liability company that acquires and disposes of real property for profit. (Compl. ¶ 3, ECF No. 1.) Defendant is a national banking association. (*Id.* ¶¶ 2, 11.) Plaintiff currently owns property located at 387 Adelphi Street, Unit F, Brooklyn, New York, Block: 1958, Lot: 1006 (the "Property"). (*Id.* ¶¶ 1, 14.)

---

[1] For the purpose of deciding a Rule 12(b)(1) motion to dismiss, the Court may refer to and rely on evidence outside the pleadings. *J.S., ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) ("We may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but we may not rely on conclusory or hearsay statements contained in the affidavits."); *see also Grossi v. City of New York*, No. 08-cv-1083, 2009 WL 4456307, at *3 (E.D.N.Y. Nov. 30, 2009) ("Where parties dispute subject matter jurisdiction, the Court can consider matters outside the pleadings, such as affidavits, documents, and testimony, to determine whether jurisdiction exists.") (collecting cases). Accordingly, the facts set forth in this memorandum and order are taken from the complaint, the affidavit of Andrew B. Messite, Esq., and documents appended to the affidavits.

1

Prior to Plaintiff, the Property had two owners. In or around July 2001 and again in June 2003, Philip L. McKenzie ("McKenzie") executed and delivered a mortgage on the Property in favor of non-party Wells Fargo Home Mortgage, Inc. (*Id.* ¶ 16; Pl.'s Mem. L. Opp. to Def.'s Mot. to Dismiss ("Pl.'s Opp'n") at 1, ECF No. 25.) Then, in June 2005, McKenzie executed and delivered a mortgage on the Property to and in favor of Defendant. (Compl. ¶ 17.) That same month, all three mortgages were consolidated to create a single lien on the Property. (*Id.* ¶ 18; Pl.'s Opp'n at 2.) According to the complaint, land records indicate that Defendant asserted itself as the holder of the Mortgage as a successor by merger of two of the mortgages on the Property. (Compl. ¶ 19.)

### A. Board of Managers of the Fort Greene Partnership Homes Condominium Action

On April 15, 2011, the Board of Managers of Fort Greene Partnership Homes Condominium ("FGPHC Board of Managers") recorded a lien against the Property for unpaid common charges and commenced an action to foreclose on the lien against McKenzie. (Decl. of Andrew B. Messite ("Def.'s Decl.") Ex. D, at 2, ECF No. 23-4.) On July 23, 2014, the New York State Supreme Court issued a judgment pursuant to which the Property was sold at a public auction to non-party Adam Plotch ("Plotch"). (Compl. ¶ 12.) Plotch acquired title to the Property via a referee's deed on September 10, 2015. (Def.'s Decl., Ex. B, ECF No. 23-2.)

### B. New York State Supreme Court Foreclosure Action

On January 22, 2013 – after the FGPHC Board of Managers commenced its foreclosure action but before Plotch acquired the Property—Defendant commenced a foreclosure action in New York State Supreme Court, Kings County under Index No. 1243/2013 ("Foreclosure Action" or "State Court Action") against McKenzie and several other defendants resulting from a March 1, 2008, default on the mortgage loan. (Def.'s Decl., Ex. A, ECF No. 23-1.) None of

2

the defendants answered. (Def.'s Decl. ¶ 5.) In April 2016, Defendant moved for a default judgment and an order of reference against McKenzie and the other defendants. (*Id.* ¶ 7.) Plotch, as McKenzie's successor-in-interest, opposed the motion and cross-moved to dismiss the complaint against McKenzie as abandoned. (*Id.*; Def.'s Decl., Exs. C and D, ECF, Nos. 23-3 and 23-4.) By order dated February 7, 2017, the Supreme Court denied Plotch's motion. (Def.'s Decl., Ex. C.) Plotch appealed. (Def.'s Decl. ¶ 8.)

On May 6, 2020, the Second Department granted the appeal and reversed the February 7, 2017 order. (Def.'s Decl., Ex. D.) Ultimately, the Second Department determined that the Supreme Court should have granted Plotch's motion to dismiss the complaint "insofar as asserted against McKenzie as abandoned." (*Id.* at 2.) The Second Department stated that under N.Y. C.P.L.R. 1018 "[u]pon any transfer of interest, the action may be continued by or against the original parties unless the court directs the person to whom the interest is transferred to be substituted or joined in the action." Moreover, because there was no formal substitution, either directed by a court or requested by Plotch, Plotch, as McKenzie's successor in interest, was "entitled to continue to defend the action in McKenzie's name." *(Id.*) The Second Department further explained that Wells Fargo failed to move for an entry of judgment within one year after McKenzie's default and failed to show sufficient cause that there was a reasonable excuse for its delay. (*Id.* at 3.)

While the Foreclosure Action was pending, on or about April 25, 2019, Plotch conveyed the Property to Plaintiff. (Compl. ¶¶ 14–15.) After the Second Department issued its decision on the appeal, Defendant moved to amend the complaint to drop McKenzie from the action and to add Plaintiff as a defendant as the current owner of the Property. (Def.'s Decl. ¶ 9.) Plaintiff opposed any amendment, arguing that the action was dismissed against McKenzie *and* his

3

successors in interest, and that the court did not have jurisdiction to consider the motion. (Def.'s Decl. Ex. E at 1, 10, ECF No. 23-5.) On May 27, 2022, the New York State Supreme Court granted Defendant's motion to amend the complaint and Plaintiff was added as a defendant. ("May 27, 2022 Order") (Def.'s Decl., Ex. F, ECF No. 23-6.) The court also clarified that, according to the Appellate Division's order, the action "is discontinued as against Philip L. McKenzie." (*Id.* at 2.)

On July 15, 2022, Plaintiff sought clarification of the New York State Supreme Court's decision. (Def.'s Decl., Ex. G at 3, ECF No. 23-7.) Plaintiff asked whether, in granting the motion to amend, the court considered its opposition papers and Defendant's reply. (*Id.*) Defendant subsequently served Plaintiff with an amended complaint on July 21, 2022. (Def.'s Decl., Ex. H, ECF No. 23-8.) On August 12, 2022, Plaintiff moved to dismiss the amended complaint and to vacate the May 27, 2022 Order. (Def.'s Decl., Ex. I, ECF No. 23-9.) In its motion, Plaintiff argued that when Wells Fargo commenced the Foreclosure Action in 2013, the six-year statute of limitations started to run and therefore expired in 2019. (*Id.* at 2.) And, because Wells Fargo did not name Plaintiff as a defendant until September 24, 2021, any potential enforcement of the subject mortgage was time-barred. (*Id.*) Plaintiff additionally argued that the May 27, 2022 Order was void because it was issued after the Second Department dismissed the complaint. (*Id.* at 9.) Then, on August 16, 2022, Plaintiff appealed the May 27, 2022 Order. (Def.'s Decl., Ex. J, ECF No. 23-10.) Two days later, on August 18, 2022, Plaintiff filed a motion to reargue the May 27, 2022 Order. (Def.'s Decl., Ex. K, ECF No. 23-11.)

By order dated October 25, 2022 (Def.'s Decl., Ex. L.), the New York State Supreme Court denied each Plaintiff's motion to dismiss the amended complaint (Def.'s Decl., Ex. I) and Plaintiff's motion to reargue the May 27, 2022 Order (Def.'s Decl., Ex. K). Specifically, the

4

court concluded that the "App[elate] Div[ision] only dismissed [this] action as to McKenzie, not [his] successors in interest." (Def.'s Decl., Ex. L.) The court further found that "[t]here is no statute of limitations issue [] as this action was never dismissed against any predecessor in interest." (*Id.*)

On November 14, 2022, Plaintiff answered the amended complaint. (Def.'s Decl., Ex. M, ECF No. 23-13.) On December 5, 2022, Plaintiff filed a notice of appeal of the New York State Supreme Court's denial of its motion to dismiss the amended complaint and its appeal of the May 27, 2022 Order. (Def.'s Decl., Ex. N, ECF No. 23-14.) Both appeals remain pending. (Def.'s Decl. ¶ 18.)

### C. Federal Action

On November 2, 2021, almost nine years after the State Court Action was filed, Plaintiff filed the instant action seeking to quiet title on the Property. *See* (Compl.) Specifically, Plaintiff claims that pursuant to CPLR Section 213(4), an action related to the mortgage of real property must be commenced within six years. (*Id.* ¶¶ 25, 44.) Plaintiff alleges that once Defendant filed the State Court Action in 2013, Defendant accelerated the mortgage debt and the six-year statute of limitations began to run. (*Id.* ¶¶ 20, 26.) Because more than six years have passed, Plaintiff requests a declaratory judgment that enforcement of the mortgage is barred by the applicable statute of limitations. (*Id.* ¶¶ 27–31.) Plaintiff additionally requests that the Court issue a judgment that any interest Defendant had or claims to have had is null and void, that Plaintiff holds good, marketable title to the Property free and clear from any claim, lien or encumbrance, and that Defendant and its successors and/or assigns are forever barred and foreclosed from any claims to the Property. (*Id.* ¶¶ 34, 42, 47.)

5

## DISCUSSION

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff bears the burden of establishing beyond a preponderance of the evidence that subject-matter jurisdiction exists. *Id*. "In reviewing a Rule 12(b)(1) motion to dismiss, the court 'must accept as true all material factual allegations in the Complaint, but [the court is] not to draw inferences from the complaint favorable to plaintiff[ ].'" *Tiraco v. New York State Bd. of Elections*, 963 F. Supp. 2d 184, 190 (E.D.N.Y. 2013) (quoting *J.S. ex rel.*, 386 F.3d at 110). Further, "[i]n resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova*, 201 F.3d at 113.

Where subject-matter jurisdiction exists, the Supreme Court has found that, under certain circumstances, a court should nonetheless abstain from hearing a case. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 720–21 (1996) ("[W]e have held that federal courts may decline to exercise their jurisdiction, in otherwise 'exceptional circumstances,' where denying a federal forum would clearly serve an important countervailing interest."). "Whether to abstain is within the sound discretion of the district court." *Arkwright-Boston Mfrs. Mut. Ins. Co. v. City of New York*, 762 F.2d 205, 210 (2d Cir. 1985). However, because abstention is "an exception to a court's normal duty to adjudicate a controversy properly before it, the district court's discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved." *Dittmer v. Cnty. of Suffolk*, 146 F.3d 113, 116 (2d Cir. 1998). Of relevance here, under the *Colorado River* doctrine, a federal court may decline to exercise jurisdiction in exceptional circumstances "due to the presence of a concurrent state proceeding," and "for

reasons of wise judicial administration." *Colorado River Water Conservation Dist. v. United States* ("*Colorado River*"), 424 U.S. 800, 818 (1976). Defendant maintains that this case presents such an exceptional circumstance. (Mem. L. Supp. Def.'s Mot. to Dismiss ("Def.'s Mem.") at 1, ECF No. 24.) The Court agrees.

### I. Whether the Federal and State Court Actions Are Parallel

"In deciding whether to abstain under the *Colorado River* doctrine, a district court must first determine whether the federal and state court cases are parallel." *U.S. Bank Nat'l Ass'n as trustee Bank of Am., N.A. v. E. Fordham DE LLC*, 804 F. App'x 106, 107 (2d Cir. 2020); *see also Dittmer*, 146 F.3d at 118 ("[A] finding that the concurrent proceedings are 'parallel' is a necessary prerequisite to abstention under *Colorado River*."). "Suits are parallel when substantially the same parties are contemporaneously litigating substantially the same issue in another forum." *Dittmer*, 146 F.3d at 118 (quoting *Day v. Union Mines Inc.*, 862 F.2d 652, 655 (7th Cir.1988)); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997) (federal and state proceedings are "essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same.") Defendant argues that the federal and state court actions are parallel because they involve the same parties and same legal issues related to the Property. (Def.'s Mem., at 7.) The Court agrees.

Here, both the Plaintiff and Defendant are parties to the Foreclosure Action. That there were additional parties in the State Court Action proceeding—namely New York City Parking Violations Bureau, New York City Transit Adjudication Bureau, Bank of America, N.A., Banco Popular North America, Board of Managers of Fort Greene Partnership Homes Condominium, New York City Environmental Control Board and Mr. McKenzie— does not defeat parallelism. *See, e.g., First Keystone Consultants, Inc. v. Schlesinger Elec. Contractors, Inc.*, 862 F. Supp. 2d

7

170, 182 (E.D.N.Y. 2012) ("As an initial matter, all of the parties remaining in the instant Federal Action are also parties to the Queens Action.  Although the Queens Action involves an additional party, DDR, that fact does not render the proceedings non-parallel.") (internal quotation marks omitted); *see also Great South Bay Med. Care, P.C. v. Allstate Ins. Co.*, 204 F. Supp. 2d 492, 497 (E.D.N.Y. 2002) (finding that while the state court action names numerous defendants not in the federal action, "this factor alone does not render the proceedings non-parallel.").

In addition, the legal issues presented in both actions are substantially the same.  In the State Court Action, Defendant alleges in its amended complaint that Plaintiff failed to comply with the terms of the Property's mortgage and requests a judgment of foreclosure and sale of the Property.  (*See* Am. Compl., Supreme Court of the State of New York, Kings County, Index No. 1243/2013 ("State Docket"), NYSCEF Doc. No. 13) ("Am. State Complaint").  Specifically, Defendant demands a judgment that, among other things, the court (i) accelerate the maturity of the debt; (ii) bar and forever foreclose from defendants of all right, claim, lien or interest of the Property; (iii) award Wells Fargo money from the sale of the Property with interest; and (iv) determine that the principal amount due to Plaintiff on the note and mortgage be adjudged at $329,510.12.  (*Id.*)  In the federal action, Plaintiff asks the Court to address quiet title issues concerning the same subject Property and mortgage.  (*Id.*)  That is, Plaintiffs seeks a judgment (i) declaring that enforcement of the mortgage is barred by the applicable statute of limitations; (ii) that Plaintiff is the true and lawful owner of the Property and Defendant be forever barred and foreclosed from any claims to the Property; and (iii) that Plaintiff acquired good title to the Property.  (Compl. ¶¶ 24–47.)  Whether the mortgage on the Property was accelerated and who has marketable title over the Property are at issue in both cases.  Moreover, in both cases, both

parties seek a judgment that the other party be barred and forever foreclosed from any claims to the Property.

Plaintiff's arguments against parallelism are unpersuasive. Plaintiff claims that the state and federal court actions are not parallel because the State Court Action was dismissed. (Pl.'s Opp'n at 5.) But this is simply not true. As the state courts have repeatedly held, the Foreclosure Action commenced by Defendant in 2013 was only dismissed as to Philip McKenzie, one of many defendants in the Foreclosure Action. (Def.'s Decl., Ex. D.) Indeed, the New York State Supreme Court previously confirmed that the Foreclosure Action was only dismissed as to McKenzie, "not successors in interest." (Def.'s Decl., Ex. L.) As of July 13, 2022, the Amended State Complaint expressly names Plaintiff as a defendant. (Am. State Complaint.) Plaintiff answered the Amended State Complaint on November 14, 2022, and later amended its answer on December 5, 2022. (Pl.'s Am. Answer, December 5, 2022, NYSCEF Doc. No. 52.) In addition, the State Court Action remains active. Indeed, the most recently filed motion on the state court docket is Defendant's August 1, 2023 notice of motion for summary judgment and order of reference against Plaintiff, and for an order of default judgment against the other defendants. *See* (State Docket.) There is no entry that indicates that the State Court Action has been dismissed.

Plaintiff's citation to *Gokhvat Holdings LLC v. U.S. Bank Nat'l Assoc.*, 21-cv-2558, 2022 WL 3668270 (S.D.N.Y. Aug. 25, 2022) is unhelpful. There, the district court denied defendant's motion the action under the *Colorado River* abstention doctrine because it decided that the federal and state actions were not parallel. *Id.* at 3-4. The district court determined that the parties between both actions were not the same because the defendant to the state court foreclosure action was not a party to the federal action, plaintiff was not a party to the state court

action, and it is not enough that plaintiff could at some point become a party to the state court action. *Id.* The district court also found that the issues being litigated were not the same because the second foreclosure action concerned whether the mortgage was valid and if there was a default, neither of which plaintiff disputed in federal court. *Id.* Here, the facts are different. Unlike the parties in *Gokhvat*, both parties in this case are present in both actions. Although the plaintiff in the *Gokhvat* federal action could have been joined as a party to the state court action, here, Plaintiff has already been added as a party to the State Court Action. Furthermore, unlike in *Gokhvat*, the parties dispute similar issues.

## II.     *Colorado River* Doctrine Analysis

Where cases are deemed parallel, the Court must then consider whether abstention is appropriate under the factors set out in *Colorado River*. *See Vill. of Westfield v. Welch's*, 170 F.3d 116, 121 (2d Cir. 1999) ("[A]lthough the test for *Colorado River* abstention is no 'mechanical checklist,' the district court *must* balance the relevant factors in reaching its decision." (emphasis in original) (internal quotation marks omitted). Specifically, the Court must weigh the following six factors:

> (1) the assumption of jurisdiction by either court over any res or property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

*U.S. Bank*, 804 F. App'x at 107 (citing *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989)). No single factor is dispositive. Rather, the Court must assess all factors "with the balance weighted heavily in favor of the exercise of jurisdiction." *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 101 (2d Cir. 2012) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16 (1983)). "Where a

*Colorado River* factor is facially neutral, that is a basis for retaining jurisdiction, not for yielding it." *Niagara*, 673 F.3d at 101 (internal quotation marks omitted). "[The Court's] task . . . is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Moses*, 460 U.S. at 25–26.

### A. The Court's Assumption of Jurisdiction Over Any *Res* or Property

With respect to the first factor, Defendant argues that the state court assumed jurisdiction over the property. (Def.'s Mem. at 8.) Plaintiff claims, however, that the federal court was the first to assume jurisdiction over the property because the federal complaint was filed prior to the State Court Action and because no receiver has been appointed. (Pl.'s Opp'n at 6.) Plaintiff is wrong. A foreclosure action "is an *in rem* proceeding." *FDIC v. Four Star Holding Co.*, 178 F.3d 97, 102 (2d Cir. 1999). The Second Circuit has held that because a foreclosure action is an *in rem proceeding*, a court has "exclusive jurisdiction to proceed" if a foreclosure action was first filed in that court, and a parallel proceeding was filed in another. *Id.*

Here, the state court exercised jurisdiction over the *res* in 2013, well before the federal action was filed in 2021. Where, as here, state proceedings are foreclosure actions, district courts have found that this factor strongly favors abstention. *See Roy v. Bank of New York Mellon*, 2018 WL 4771898, at *5 (E.D.N.Y. Sept. 30, 2018) ("Where the state court proceeding is a foreclosure action, 'this factor strongly favors abstention.'"); *see also Cassis v. Fed. Nat'l Mortgage Assoc.*, 2021 WL 6197064, at *5 (E.D.N.Y. Dec. 31, 2021) ("Therefore, where the state court proceeding is a foreclosure action, 'this factor strongly favors abstention.'"); *Krondes v. Nationstar Mortg., LLC*, No. 17CV4974, 2018 WL 2943774, at *3 (S.D.N.Y. June 12, 2018), *aff'd*, 789 F. App'x 913 (2d Cir. 2020) (same).

### B. The Inconvenience of the Federal Forum

Both the state and federal forums at issue are located in New York state. As such, either forum is equally convenient. *See* (Pl.'s Opp'n at 7.) Accordingly, this factor militates in favor of the Court retaining jurisdiction. *See Niagara*, 673 F.3d at 101 ("[W]here the federal court is just as convenient as the state court, that factor favors retention of the case in federal court."); *see also Cassis*, 2021 WL 6197064, at *5 (finding that because both the state and federal forums are in New York state, the forums are equally convenient and this factor favors retention of the case in federal court); *Roy*, 2018 WL 4771898, at *5 (determining that "because both forums are within the state of New York, and absent any contrary indication from the parties, the forums are equally convenient," and where equally convenient, the second factor weighs in favor of the case remaining in federal court).

### C. The Avoidance of Piecemeal Litigation

"[T]he primary context in which [the Second Circuit has] affirmed *Colorado River* abstention in order to avoid piecemeal adjudication has involved lawsuits that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel." *Gen. Star Intern. Indem., Ltd. V. Chase Manhattan Bank*, 57 Fed. App'x 892, 894 (2d Cir. 2003) (quoting *Woodford v. Cmty. Action Agency of Greene Cnty., Inc.*, 239 F.3d 517, 524 (2d Cir. 2001)). Defendant argues that this factor weighs in favor of abstention because the enforceability of the mortgage can be handled as a defense to the foreclosure claim and because the state court already rejected Plaintiff's statute of limitation arguments that it now raises here. (Def.'s Mem., at 8.) The Court agrees.

Defendant helpfully refers the Court to *Gustavia Home, LLC v. FV-1, Inc., In Trust for Morgan Stanley Mortgage Capital Holdings, et al.*, No. 18-cv-6800, 2020 WL 927579, at *1

12

(E.D.N.Y. Feb. 26, 2020) to illustrate this point. In that case, defendant mortgage lender brought a foreclosure action in state court, and plaintiff later brought a federal action seeking to challenge the foreclosure action. *Gustavia*, 2020 WL 927579, at *1. The district court determined that the avoidance of piecemeal litigation factor weighed in favor of abstention for two reasons. *First*, the courts determined that the issue of the ownership of the mortgage and note of the relevant properties can and should be handled as a defense to the foreclosure claim. *Id.* at *2. *Second*, both courts also determined that plaintiff sought to have the federal court review and re-decide issues previously alleged in the state court action, but were rejected. *Id.*

      In this case, the issue of ownership of the mortgage are indeed issues that can be decided in the State Court Action. Furthermore, Plaintiff makes the same arguments here that the state court already rejected. That is, in the State Court Action, Plaintiff argued, as it does here, that the Foreclosure Action was dismissed as against McKenzie and his successors-in-interest. (Def's. Decl., Ex. E at 13.) Plaintiff also argued, as it does here, that any potential enforcement of the subject mortgage was time-barred against it because Plaintiff accelerated the loan in January 2013 and it expired in January 2019, when Plaintiff was not a party to the Foreclosure Action. (Def's. Decl., Ex. I at 2.) The New York Supreme Court rejected both arguments, concluding that the Foreclosure Action was dismissed only "as to McKenzie, not successors in interest," and that there "is no statute of limitations issue here as this action was never dismissed against any predecessor in interest." (Def.'s Decl., Ex. L.) Simply put, Plaintiff seeks to have this Court review and re-decide issues it already alleged as defenses in the Foreclosure Action. This factor weighs in favor of abstention. *See, e.g.*, *Cassis*, 2021 WL 6197064, at *5 (finding that the avoidance of piecemeal litigation weighs in favor of abstention because the district court would have to decide whether the note and mortgage are enforceable, which are the same legal

13

and factual issues that form the basis of defendant's claims in the parallel state court action and would "invite duplicative effort") (internal quotation marks omitted).

### D. The Order in Which Jurisdiction Was Obtained

To determine the order in which jurisdiction was obtained, priority is "not measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses*, 460 U.S. at 21; *see also Aventura Technologies Inc. v. World of Residensea II Ltd.*, 646 Fed. App'x 92, 95 (2d Cir. 2016) (same).

As an initial matter, the State Court Action has been pending in state court much longer than the Foreclosure Action has been in this Court. Defendant filed its complaint in the State Court Action in January 2013, at least eight years prior to the November 2021 filing of Plaintiff's complaint in the Foreclosure Action. (Def.'s Ex. A.) Plaintiff attempts to persuade the Court that it should retain jurisdiction because the federal action was actually filed prior to the State Court Action. (Pl.'s Opp'n at 8.) Plaintiff argues that because it was not added as a party to the State Court Action until July 2022, which was a few months *after* Plaintiff had already filed its complaint in federal court, the federal action is older. (Pl.'s Opp'n at 8–9.) The Court is not convinced. Plaintiff disingenuously characterizes the Foreclosure Action as two separate actions because two complaints were filed. But as noted above, and as Plaintiff concedes, the amended complaint in the Foreclosure Action was filed under the same index number that was assigned to the 2013 action. (*Id.* at 3.) Therefore, the Foreclosure Action is one case with two complaints.

Even if Plaintiff is correct that the 2021 Foreclosure Action has been pending longer than the State Court Action because it was not added as a party to the State Court Action until 2022, as Defendant points out, progress in the State Court Action far outpaces the federal case. *See Moses*, 460 U.S. at 21; (Def.'s Mem. at 8–9.) The Foreclosure Action was commenced in 2013

14

and over the past ten years, Plaintiff filed an answer, an amended answer, a notice of deposition and a notice of discovery, including interrogatory demands and document requests. *See* (State Docket, Doc. Nos. 48–53.) Most recently, in August of 2023, Defendant filed a notice and motion of summary judgment against Plaintiff, and a motion for default judgment against the remaining defendants. (*Id.* Doc. Nos. 54–57.) In the federal action, Plaintiff filed a complaint, the parties filed pre-motion conference letters and Defendant filed the current motion to dismiss. Clearly, the State Court Action is at a more procedurally and factually advanced stage.

Therefore, this factor weighs in favor of abstention.

### E. Whether State or Federal Law Supplies the Rule of Decision

It has long been settled that "the presence of federal issues strongly advises exercising federal jurisdiction." *Vill. of Westfield*, 170 F.3d at 124. That said,, "the absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex." *Id.* There are no federal claims at issue here and Defendant has not demonstrated that the state law issues at play are complex. Therefore, this factor weighs in favor of abstention. *See, e.g.*, *U.S. Bank*, 804 Fed. App'x at 108 (finding that abstention is warranted where, in a federal foreclosure action, neither party "assert[s] a federal claim").

### F. Whether the State Court Proceeding Will Adequately Protect the Rights of the Party Seeking to Invoke Federal Jurisdiction

"[F]ederal courts are to determine whether the 'parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.'" *Vill. of Westfield*, 170 F.3d at 124 (quoting *Moses*, 460 U.S. at 28). "Although any possible inadequacy of the state forum to protect the federal plaintiff's rights would provide a strong reason to exercise federal jurisdiction, the adequacy of the state forum does not weigh heavily in

15

favor of dismissal pursuant to *Colorado River*." *Estee Lauder Companies Inc. v. Batra*, 430 F. Supp. 2d 169 (S.D.N.Y. 2006).

The parties are in agreement that this factor is "neutral." *See* (Def.'s Mem. at 9; Pl.'s Opp'n at 9.) The Court finds no basis to conclude otherwise. Accordingly this final factor weighs in favor of federal jurisdiction. *See also Gustavia*, 2020 WL 927579, at *3 (finding that there is "no reason to believe that the state court, that ruled on two detailed motions, will not protect plaintiff's substantive and procedural rights," and thus makes this factor neutral); *see also Sea Tow Servc's Intern. Inc. v. Pontin*, 2007 WL 1135601, at *7 (E.D.N.Y. Apr. 17, 2007) (finding that there is no "basis to question the state court's ability to adequately protect [Plaintiff's] interests" and renders this factor neutral).

\*   \*   \*

The first, third, fourth and fifth factors weigh in favor of abstention. The second and sixth factors weigh in favor of the exercise of federal jurisdiction. On balance, the six *Colorado River* factors weigh in favor of abstention.

## CONCLUSION[2]

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint is GRANTED.

SO ORDERED.

Dated: Brooklyn, New York  
      September 27, 2023

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

---

[2] Because Defendant's motion to dismiss is denied under Rule 12(b)(1) grounds, the Court does not reach Defendant's 12(b)(6) res judicata and collateral estoppel arguments.